IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STONINGTON INSURANCE COMPANY,

    Plaintiff,

v.

BW SCHULZ, INC., WENDY SCHULZ,
STEVEN PRITCHETT, individually and
on behalf of NICKOLAUS PRITCHETT,
a minor, and JOAN PRITCHETT,
individually and on behalf of
NICKOLAUS PRITCHETT, a minor,

    Defendants.                                    Case No. 09-cv-566-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

       The Court raises this matter, *sua sponte,* as part of its independent obligation to assure itself of jurisdiction over the parties' controversy. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868)**; ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir.**

1993); ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Factual allegations of <u>citizenship</u>, demonstrating diversity, must be made in the pleadings, demonstrating complete diversity. ***See Chicago Stadium Corp. v. State of Indiana*, 220 F.2d 797, 798-799 (7th Cir. 1955)(emphasis added)**.

In the Complaint (Doc. 2), Plaintiff alleges, in part, that diversity jurisdiction exists in that the Plaintiff and the Defendants are citizens of different states. (Doc. 2, ¶ 7). The Court notes that the civil cover sheet also indicates that the Plaintiffs and Defendant are citizens of different states. Neither of those conclusions will suffice. ***Chicago Stadium Corp.*, 220 F.2d at 798-799**. Plaintiff's factual allegations regarding citizenship state only that the individual defendants are "residents" of Illinois. (Doc. 2, ¶ 4-5). That ,too, is insufficient. ***Id.*** It is the <u>citizenship</u> and not the <u>residency</u> of the parties that must be pleaded. ***Id.*** Until Plaintiff properly pleads diversity of citizenship, the Court must approach this case as if jurisdiction does not exist. Without those allegations, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.

The Court is not concluding that subject matter jurisdiction does not exist. However, it is currently in question, and thus not established. Accordingly, Plaintiff's Complaint (Doc. 2) is **DISMISSED, WITHOUT PREJUDICE,** for failure to properly plead and establish subject matter jurisdiction. Plaintiff is **ALLOWED** leave to file an Amended Complaint properly setting forth subject matter jurisdiction within **THIRTY (30)** days of the date of this Order. The Court instructs the Clerk to keep the case file open in order to allow Plaintiff **thirty (30) days** from the date of this Order to file a the Amended Complaint. If Plaintiff does not timely file an Amended Complaint or fails to timely request an extension of time, the Clerk is instructed to close the case file.

**IT IS SO ORDERED**.

Signed this 31st day of July, 2009.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**